### ALPHEUS M. MERRIFIELD *vs.* LOVELL BAKER.

A., having executed to B. two mortgages of land to secure certain promissory notes, assigned to B. as additional security certain policies of insurance, from mutual companies, upon the buildings, and afterwards conveyed the equities of redemption to B., who received the same in full discharge of the notes. A. also at the same time executed a release of all claims against B., and especially of any claim which he had or might have, growing out of the mortgages, or the debts secured thereby, or any matter or thing connected therewith. Subsequently B. received from the insurance companies certain sums for return premiums upon the expiration of the policies. *Held,* that the release by A. barred his right to recover these sums of B.

CONTRACT for money had and received by the defendant from various insurance companies to the plaintiff's use.

At the second trial in the superior court, before *Wilkinson, J.,*

after the decision reported in 9 Allen, 29, substantially the same facts appeared as are stated in the former report, namely, that the plaintiff, having executed to the defendant's testator two mortgages of real estate to secure certain promissory notes, and therein covenanted to keep the buildings insured against fire, and to assign the policies to the mortgagee, accordingly assigned three policies issued by mutual insurance companies, and, after the death of the defendant's testator, conveyed the equities of redemption to the defendant, who received the same in full discharge of the notes, as heretofore more fully stated. The defendant then put in evidence a release, executed by the plaintiff to him under seal at the time of the conveyance of the equities of redemption, releasing him " in his individual capacity, and as such executor, of and from all claims, demands, actions and causes of actions, of every name and nature, I have or may have against him in his individual capacity, and against him as such executor, or against the estate of said Lovell Baker, deceased, and especially any claim or cause or possibility of action which I have or may or might have against said Lovell Baker as executor, growing out of two certain mortgages given by me to said Lovell Baker, deceased, or the debts secured thereby, or any money paid on account of the same, or any matter or thing connected therewith, and any claims or cause or possibility of action I have or may have against said Lovell Baker in his individual capacity, growing out of any payment of money made to said Baker at or about the time of the execution of said mortgages, or growing out of any matter or thing connected with said mortgages, or his procuring the loan from said Lovell Baker, deceased, of the money advanced thereon."

The defendant afterwards received from the insurance companies certain sums as return premiums, upon the expiration of the policies, and he contended that this release covered and barred the plaintiff's claim to recover the same ; but the judge ruled otherwise, and directed a verdict for the plaintiff. The defendant alleged exceptions.

*G. F. Verry*, for the defendant.

*G. F. Hoar & S. P. Twiss*, for the plaintiff.

BIGELOW, C. J.   The decision of the question raised by these exceptions turns on the construction and effect of the release under seal from the plaintiff to the defendant, which was produced and relied on at the trial in defence of this action. This release was executed and took effect at the time the quitclaim deed of the mortgaged premises was delivered to the defendant, whereby the mortgage debts due from the plaintiff to the defendant's testator were extinguished and paid, and the defendant became the absolute owner in fee of the estates which he had previously held as mortgagee only, as is fully set forth in the previous report of this case in 9 Allen, 29.   In giving an interpretation to the release, it is therefore to be regarded as part of the transaction by which a settlement was effected between the parties of their respective claims growing out of loans of money made by the defendant's testator to the plaintiff, and the mortgages from the latter to the former to secure such loans.   Considered in this light, it seems to us, after careful consideration, that the release must be deemed to operate upon and extinguish the claim for money received to the plaintiff's use, which he seeks to enforce in this action.

There can be no doubt that the language of the release is sufficiently broad and comprehensive to include every claim which the plaintiff had at the time of its delivery to the defendant, or which he might afterwards have against the defendant individually or as executor, arising or growing out of the loans of money made to the plaintiff and the mortgages given as security therefor.   The defendant is in terms discharged from " any claim or cause or possibility of action " which the plaintiff had " or may have against said Lovell Baker as executor " growing out of said mortgages or the debts secured thereby, " or any matter or thing connected therewith," and also from any claim or cause or possibility of action which the plaintiff then had " or may have " against said Baker in his individual capacity " growing out of any matter or thing connected with said mortgages," or the procuring of the loan from the defendant's testator.   It is obvious that this language does not confine the release to claims or causes of action which existed at the time it took effect.   It

is *ex industria* made to include future causes or possibilities of action which might accrue to the plaintiff thereafter, growing out of said loans and mortgages, and the transactions between the parties appertaining thereto.

The only question, then, to be solved is, whether the money which the plaintiff demands in this suit can be fairly and properly regarded as a claim or cause of action which had its origin or foundation in the dealings and negotiations and contracts of the parties which resulted in the making of said loans to the plaintiff and the mortgages given to secure them. It was held by this court in the previous decision in this case that the policies of insurance under which the defendant received the money which is the subject of this action were assigned to the defendant's testator, and held by the defendant as part of the collateral security for the debts due the former in connection with said mortgages, and that the latter received the money solely by reason of said assignments and as the representative and attorney of the plaintiff by virtue thereof. 9 Allen, 32, 34. It is clear, therefore, that at the time of the settlement between the parties, when the deed of release and quitclaim of the mortgaged estates was delivered to the defendant, and the mortgage debts were thereby and by force of the stipulations entered into between the parties extinguished and paid, the plaintiff had a valid claim against the defendant for the reassignment of said policies. In the absence of any agreement or stipulation concerning the policies, on the payment of the mortgage debts the right of the defendant to retain said policies or to demand and receive to his own use any money for return premiums from the insurers would cease. The right of the plaintiff to demand a reassignment of the policies was then a valid subsisting claim against the defendant. But the plaintiff did not retain this right. On the contrary, he expressly relinquished and discharged it by the terms of the re ease which he delivered to the defendant as part of the transaction or settlement, by which the dealings of the parties and their respective demands against each other growing out of said loans and mortgages were finally adjusted and closed. This release, therefore, seems to us to supply that

which the defendant failed to show at the first trial of this case, namely, that the policies and all rights under them were given up or relinquished to the defendant at the time of the arrangement between the parties for the extinguishment of the mortgage debt. 9 Allen, 33.

Nor can it be contended, because the money for the return premiums under the policies has been paid to and received by the defendant subsequent to the time when said release was delivered and took effect, that the cause of action is to be regarded as a new claim or demand not then in existence, which has accrued to the plaintiff by reason of facts subsequently occurring. The answer to this position is twofold. In the first place, as has been already said, the plaintiff had relinquished by the release his right to demand a reassignment of the policies, so that the defendant held them and all rights which might accrue to him by virtue thereof as assignee, free from all claim by the plaintiff. In the next place, the right to receive said money for the return premiums was clearly " a matter or thing connected " with said loans and mortgages, and an action to recover money so received, although the cause accrued after the delivery of the release, is a cause or possibility of action which arose and grew out of the transactions between the parties previous to the settlement and delivery of the release, and is therefore embraced within the terms of the instrument.

*Exceptions sustained.*